1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JACK TANNER,

                                    Plaintiff,

        vs.

WAMU, *et al.*,

                                    Defendants.

Case No. 13cv2209 DMS (WMC)

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**

Plaintiff, proceeding *pro se*, filed this wrongful mortgage foreclosure action against Defendants WAMU, the lender on Plaintiff's note and deed of trust; Chase Bank Inc., who acquired WAMU's interest in the loan from the Federal Deposit Insurance Corporation; Quality Loan Service Corporation, the foreclosing trustee; and GB Land Properties, LLC, who acquired Plaintiff's residence at the trustee's sale. All Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, who is now represented by counsel, has filed oppositions to all three pending motions, and Defendants replied.

        In his opposition briefing, Plaintiff seeks leave to amend the complaint in part because he is now represented by counsel. The need for amendment is readily apparent from the complaint and motion to dismiss briefing. Plaintiff advances theories in support of his case which were not alleged in the complaint. For example, in light of the statute of limitations bar, which is apparent on the face of Plaintiff's claim for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Plaintiff asserts, without specifying a factual basis, that the statute of limitations was equitably tolled.

- 1 -

Similarly, in an attempt to undermine the validity of the trustee's sale, he claims for the first time in his opposition that he had transferred the title to his residence to third parties prior to the trustee's sale. Furthermore, at least in part, the complaint as drafted by Plaintiff *pro se*, is insufficient to meet federal pleading requirements. For example, his claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., does not include sufficient factual allegations to determine whether any of the Defendants is a debt collector or discern the nature of the alleged violations. The allegations therefore do not meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Similarly, Plaintiffs' fraud allegations lack factual specificity required by Rule 9(b). It further appears that Plaintiff's claims have been indiscriminately asserted against all Defendants without indicating the role of each Defendant in each claim. Finally, it appears that Defendants WAMU and Chase Bank Inc. have not been properly designated.

Rule 15 of Federal Rules of Civil Procedure advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Because it may be possible for Plaintiff to allege sufficient facts to state a viable claim for relief, leave to amend is granted. As Plaintiff has the benefit of Defendants' motions and reply briefs in drafting the amended complaint, the Court is not inclined to grant further leave to amend.

For the foregoing reasons it is ordered as follows:

1. Motions to dismiss filed by Defendants GB Land Properties, LLC (doc. no. 7), WAMU and Chase Bank Inc. (doc. no. 9), and Quality Loan Service Corporation (doc. no. 11) are denied without prejudice.

2. The hearing on Quality Loan Service Corporation's motion, set on this Court's calendar for January 10, 2014, is vacated.

3. Plaintiff is granted leave to file a first amended complaint no later than **January 24, 2014**.

4. Defendants shall file a response to the first amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

DATED:  January 3, 2014

HON. DANA M. SABRAW
United States District Judge