1  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@AlvaradoSmith.com
2  TALINE M. GULESSERIAN (CA Bar No. 233828)
   tgulesserian@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel:  (714) 852-6800
   Fax: (714) 852-6899
6
   Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS
   ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF
8  WASHINGTON MUTUAL BANK FROM THE FEDERAL
   DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR
9  WASHINGTON MUTUAL BANK, *erroneously sued as separate
   entities as* CHASE BANK INC. and WAMU
10

                    **UNITED STATES DISTRICT COURT**
11
                  **SOUTHERN DISTRICT OF CALIFORNIA**
12

13  JACK TANNER,                          | **CASE NO.:** 3:13-cv-2209-DMS (JMA)

14        Plaintiff,                       | **JUDGE**: Hon. Dana M. Sabraw

15  v.                                     | **MOTION TO DISMISS FIRST
                                           | AMENDED COMPLAINT PURSUANT
16  WAMU, CHASE BANK INC: QUALITY          | TO FRCP, RULE 12(b)(6);
    LOAN SERVICE CORPORATION; GB           | MEMORANDUM OF POINTS AND
17  INLAND PROPERTIES, LLC, AND DOES 1-    | AUTHORITIES IN SUPPORT
    10,
18                                         | *[Concurrently filed with Notice of Motion to
          Defendants.                      | Dismiss First Amended Complaint and
19                                         | Request for Judicial Notice]*

20                                         | **DATE:**  March 7, 2014
                                           | **TIME:**  1:30 p.m.
21                                         | **CTRM:**  13A (13th Floor- Annex)

22                                         | **PER CHAMBERS' RULES, THERE
                                           | WILL BE NO ORAL ARGUMENT
23                                         | UNLESS REQUESTED BY THE COURT**

24

25

26

27

28

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**
*CASE NO.:  3:13-cv-2209-DMS-WMc*

3794412.3 -- AL109.F40

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

I.      SUMMARY OF ARGUMENT ................................................................1

II.     STANDARD FOR A MOTION TO DISMISS ...................................2

III.    SUMMARY OF RELEVANT FACTS ...............................................3

IV.     PLAINTIFF LACKS STANDING TO BRING FORTH HIS CLAIMS ...........................4

V.      PLAINTIFF'S FIRST CLAIM  FOR "WRONGFUL FORECLOSURE AND CANCELLATION OF TRUSTEE'S DEED UPON SALE AND ASSIGNMENT OF NEED OF TRUST" FAILS ...........................5

VI.     PLAINTIFF'S SECOND CLAIM FOR "VIOLATION OF CALIFORNIA *CIVIL CODE* §2923.5" FAILS AS IT IS MOOT ...........................9

VII.    PLAINTIFF'S THIRD CLAIM FOR "RESTITUTION" FAILS ...........................9

VIII.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT – RESPA (12 U.S. C. §2605)" FAILS ...........................10

IX.     PLAINTIFF'S FIFTH CLAIM FOR "NEGLIGENCE" FAILS AS A MATTER OF LAW ...........................11

X.      PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR "UNLAWFUL & UNFAIR ACTS AND PRACTICES" (SIXTH CAUSE OF ACTION) ...........................13

        A.      Plaintiff Lacks Standing to Assert a Claim Under 17200 ...........................13

        B.      Plaintiff's Unfair Business Practices Claim Fails ...........................13

XI.     PLAINTIFF'S SEVENTH CAUSE OF ACTION OF "IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" FAILS ...........................14

XII.    PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "PROMISSORY ESTOPPEL" FAILS ...........................15

XIII.   PLAINTIFF'S NINTH CLAIM FOR "FRAUD AND DECEIT – PROMISE MADE WITHOUT INTENTION TO PERFORM" FAILS ...........................16

XIV.    PLAINTIFF'S TENTH CAUSE OF ACTION FOR "DECLARATORY RELIEF" IS WITHOUT MERIT ...........................18

XV.     PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF (ELEVENTH CLAIM)..19

XVI.    CONCLUSION...........................20

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

i

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*CASE NO.:  3:13-cv-2209-DMS-WMc*

**AlvaradoSmith**
A Professional Corporation
Santa Ana

**Cases**

*Ach v. Finkelstein,*
  264 Cal.App.2d 667 (1968) ..................................................................................16, 18

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,*
  300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937) ......................................................18

*Alliance Mortg. Co. v. Rothwell,*
  10 Cal. 4th 1226, 1233 (1995) ..............................................................................6

*American States Ins. Co v. Kearns,*
  15 F.3d 142, 143-144 (9th Cir. 1994) ..................................................................19

*Arnold Management Corporation v. Eischen,*
  158 Cal.App.3d 575 (1984) ....................................................................................8

*Ashcroft v. Iqbal,*
  556 U.S. 662, 663 (2009) ........................................................................................3

*Aviel v. Ng,*
  161 Cal. App. 4th 809, 815 (2008) ........................................................................6

*Bascos v. Federal Home Loan Mortgage Corp., supra,*
  2011 WL 31357063, at *6 (C.D. Cal 2011) ........................................................15

*Batt v. San Francisco,*
  155 Cal.App.4th 65, 82 (2007) ............................................................................19

*Beall v. Quality Loan Service Corp.,*
  2011 WL 1044148, *3-4 (S.D. Cal. March 21, 2011) ........................................11

*Bell Atlantic Corp. v. Twombly,*
  127 S.Ct. 1955, 1959 (2007) ..................................................................................2

*Californians For Disability Rights v. Mervyn's, LLC,*
  39 Cal.4th 223, 228 (2006) ..................................................................................13

*Camp v. Board of Supervisors*
  123 Cal.App.3d 334, 356 (1981) ..........................................................................19

*Careau & Co. v. Security Pacific Business Credit,*
  222 Cal.App.3d 1371, 1395 (1990) ....................................................................15

*Chilton v. Federal Nat. Morg. Ass'n,*
  2009 WL 519869, at *1 (E.D. Cal, 2009)........................................................6, 15

*Clegg v. Cult Awareness Network,*
  18 F.3d 752, 754-55 (9th Cir. 1994) ....................................................................10

*Cortez v. Keystone Bank,*
  No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40
  (E.D.Pa. May 2, 2000)..........................................................................................10

*County of Del Norte v. City of Crescent City*
  71 Cal.App.4th 965, 973 (1999) ..........................................................................19

ii

*Daugherty v. American Honda Motor Co., Inc.*,
 144 Cal.App.4th 824, 838 (2006) ..................................................................................14

*Emry v. Visa International Service Ass'n*,
 95 Cal. App. 4th 952 (2002) ..........................................................................................13

*Farmer v. Ocwen Loan Servicing, LLC*,
 2010 WL 489701 at *7 (E.D. Cal. February 5, 2010) ..................................................11

*First Nationwide Savings v. Perry*,
 11 Cal.App.4th 1657, 1662 (1992) ..................................................................................9

*Fleming v. Kagan*,
 189 Cal.App.2d at 791 (1961) ..........................................................................................8

*Gantman v. United Pac. Ins. Co.*.
 232 Cal.App.3d 1560, 1566 (1991). .................................................................................4

*Glue–Fold, Inc. v. Slautterback Corp.*,
 82 Cal.App.4th 1018, 1023, n. 3, 98 Cal.Rptr.2d 661 (2000) ......................................19

*Guz v. Bechtel National, Inc.*,
 24 Cal.4th 317, 349–350 (2000) ....................................................................................14

*Hamilton v. Bank of Blue Valley*,
 746 F.Supp.2d 1160, 1175 (E.D. Cal. 2010) .................................................................10

*Hill Trans. Co. v. Southwest Forest Industries Inc.*
 266 Cal.App.2d 702 (1968) ...........................................................................................17

*In re Barr*,
 188 B.R. 565 (Bkrtcy.N.D.Ill.,1995) .............................................................................17

*In Re GlenFed Inc. Securities Litigation*, ("*GlenFed*")
 42 F.3d 1541 (1994) ......................................................................................................16

*Junger v. Bank of America, N.A.*,
 2012 WL 603262, *3 (C.D. Cal. 2012) ............................................................................6

*Keru Investments, Inc. v. Cube Co.*,
 63 Cal.App.4th 1412 (1998) .............................................................................................4

*Khoury v. Maly's of California*,
 14 Cal. App. 4th 612, 619 (1993) .............................................................................13, 14

*Lane v. Vitek Real Estate Industries Group*,
 713 F.Supp.2d 1092 (E.D. Cal. 2010), ............................................................................6

*Lectrodryer v. SeoulBank*,
 77 Cal.App.4th 723, 726 (2000) .......................................................................................9

*Linkhart v. U.S. Bank Nat. Ass'n*,
 2010 WL 1996895, *3 (S.D. Cal. 2010); ..........................................................................6

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
 416 F.3d 940, 946 (9th Cir. 2005) ....................................................................................3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

iii

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

3794412.3 -- AL109.F40

*Mabry v. The Superior Court of Orange Cnty,*
  185 Cal.App.4th 208, 233-35 (2010)..................................................................7

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,*
  312 U.S. 270 (1941) ...........................................................................................19

*Mendoza v. City of Los Angeles,*
  66 Cal.App.4th 1333, 1339 (1998) ...................................................................11

*Merrill v. Navegar, Inc.,*
  26 Cal.4th 465, 477 (2001) ...............................................................................11

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,*
  86 Cal.App.4th 303, 309 -310 (2000).................................................................18

*Nool v. HomeQ Servicing,*
  653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) ...................................................7

*Nymark v. Heart Fed. Savings & Loan Assn.,*
  231 Cal.App.3d 1089, 1095 (1991). ............................................................11, 12

*Oaks Management Corp. v. Superior Court* (2006)
  145 Cal.App.4th 453, 466 ..................................................................................12

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.,*
  367 F.3d 1108, 1111 (9th Cir. 2004) .................................................................20

*Palestini v. Homecomings Financial LLC*
  (S.D. Cal. 2010) 2010 WL 3339459, at * 5, 7.....................................................12

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ...................................................7

*People v. McKale,*
  25 Cal. 3d 626, 634 (1979) ................................................................................13

*Production Co. v. Village of Gambell,*
  480 US 531, 542 (1987) .....................................................................................20

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
  11 Cal.App.4th 1026, 1034 (1992) ....................................................................14

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
  732 F.Supp.2d 952 (2010) ..................................................................................7

*Smith v. City and County of San Francisco*
  (1990) 225 Cal.App.3d 38, 48. ..........................................................................16

*Southern Calif. Acoustics Co. v. Holder,*
  71 Cal.2d 719, 723 (1969) .................................................................................16

*Stansfield v. Starkey,*
  220 Cal.App.3d 59 (1990) ............................................................................16, 17

*Tarmann v. State Farm Mutual Auto Insurance Co.,*
  2 Cal.App.4th 1537 (1991). ...............................................................................17

AlvaradoSmith
A Professional Corporation
Santa Ana

iv

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*Thomson v. International Alliance of Stage Employees*,
    232 Cal.App.2d 446, 454 (1965) ...................................................................15, 16

*United States Cold Storage v. Great Western Savings & Loan Association*,
    165 Cal.App.3d 1214 (1985) ........................................................................8

*Vasquez v. L.A. Cnty.*,
    487 F.3d 1246, 1258 (9th Cir. 2007) .........................................................3

*Wagner v. Benson*,
    101 Cal.App.3d 27, 35 (1980) .....................................................................12

*Williams v. Koenig*,
    219 Cal. 656 (1934) ....................................................................................8

**Statutes**

12 U.S.C. § 2605 .............................................................................................10

12 U.S.C. § 2605(e)(1)(A) ...............................................................................11

12 U.S.C. § 2605(f)(1)(A) ...............................................................................10

28 U.S.C. § 2201 .............................................................................................18

Business and Professions Code § 17200 ..................................................13, 14

Business and Professions Code § 17204 ......................................................13

Business and Professions Code § 17500 ......................................................13

California Code of Civil Procedure § 367 ......................................................4

California Code of Civil Procedure § 2923.5 ..........................................7, 5, 9

California Code of Civil Procedure § 2924 ....................................................7

California Code of Civil Procedure § 2924(a)(1) ...........................................6

California Code of Civil Procedure § 2932 ....................................................6

**Rules**

Federal Rule of Civil Procedure 9 .................................................................16

Federal Rule of Civil Procedure 9(b) ............................................................16

Federal Rule of Civil Procedure 12(b)(6) ..................................................2, 12

**Treatises**

CACI Jury Instruction No. 325 (2008 ed.) ....................................................14

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) ......16

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*CASE NO.:  3:13-cv-2209-DMS-WMc*

3794412.3 -- AL109.F40

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK, *erroneously sued as separate entities as* CHASE BANK INC. and WAMU ("JPMorgan" or "Defendant") submits the following Memorandum of Points and authorities in support of its Motion to Dismiss the First Amended Complaint ("FAC") of plaintiff JACK TANNER ("Plaintiff") for failure to state a claim for relief ("Motion").

**I.     SUMMARY OF ARGUMENT**

Despite Plaintiff being given leave to amend his original complaint, in the FAC, Plaintiff asserts eleven (11) claims against Defendant, which all fail to state a claim against Defendant. Specifically, similar to the original complaint, in the FAC, Plaintiff relies on conclusory allegations which are insufficient to state a cognizable cause of action against Defendant.

For example, despite being ordered to provide more specific allegations in support of his fraud claim (as ordered in the Court's Order regarding Defendant's Motion to Dismiss the Complaint), Plaintiff fails to provide specific allegations of purported misrepresentation. While Plaintiff attempts to meet the specificity requirement to successfully allege a fraud claim, Plaintiff's attempt falls short of the specificity requirement established by the Court. Instead, Plaintiff again relies on generalized and conclusory allegations, failing to provide dates and means of communications with an alleged individual from Chase, and more importantly, failing to establish that this individual had any authority to speak on behalf of Chase. These types of generalized allegations fall significantly short of the requirements set forth by the Court to sufficiently make a claim for fraud.

Moreover, Plaintiff does not have standing to bring this claim.  In June 2011, Plaintiff executed a grant deed transferring ownership interest in the subject property to Jack Tanner and Vida Eshaghian as Co-Trustees of the Tanner Family Trust. See, Request for Judicial Notice, Exhibit "3." Thus, since June 2011, Plaintiff, in his individual capacity, has not been the owner of the Subject Property.  Thus, Plaintiff could not have sustained any damage as a result of the foreclosure of the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

1   subject property in 2013.

2          Additionally, it appears that Plaintiff has based a majority of his claims against Defendant on

3   the alleged securitization of the subject loan.  However, public documents do not support Plaintiff's

4   claims of securitization.  Instead, these documents clearly establish Defendant's interest in the

5   subject loan and its procurement of that interest from the lender involved in Plaintiff's loan

6   transaction.

7          Even assuming that the subject loan was securitized, Plaintiff's argument that that

8   securitization of Plaintiff's loan divested Defendant from any rights to collect on the loan or to

9   proceed with foreclosure on the loan fails.  The established law clearly states that a borrower does

10  not have standing to contend that a lender or servicer does not have authority to foreclose simply

11  because a loan was packaged and resold in the secondary market.

12         Additionally, Plaintiff argues that Defendant breached the requirements set forth on it by Cal.

13  *Civil Code* §2923.5 by failing to contact Plaintiff to discuss foreclosure alternatives before the

14  Notice of Default was recorded in 2010.  Plaintiff uses this argument as a basis for multiple causes

15  of action, including the first and second causes of action.  However, Plaintiff contradicts his own

16  allegations by admitting that Plaintiff "spoke with a CHASE employee" about a loan modification in

17  2009.  *See* FAC, ¶ 97.

18         As will be demonstrated in further detail below, all of Plaintiff's causes of action are

19  deficiently pled.  As such, Defendant respectfully requests that its Motion to Dismiss be granted in

20  its entirety without leave to amend.

21  **II.      STANDARD FOR A MOTION TO DISMISS**

22         A motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) may be

23  brought when a plaintiff fails to state a claim upon which relief can be granted.  While a complaint

24  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

25  obligation to provide the grounds of entitlement to relief requires more than labels and conclusions,

26  and a formulaic recitation of a cause of action's elements will not do.  *Bell Atlantic Corp. v.*

27  *Twombly*, 127 S.Ct. 1955, 1959 (2007).  "Factual allegations must be enough to raise a right to relief

28  above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.*  A

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

2

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

3  U.S. 662, 663 (2009).

4       Dismissal with prejudice of a complaint is proper if "it is clear that the complaint could not

5  be saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940,

6  946 (9th Cir. 2005).  In fact, a court can dismiss claims without granting leave to amend if amending

7  the complaint would be futile.  *See Vasquez v. L.A. Cnty.,* 487 F.3d 1246, 1258 (9th Cir. 2007).

8  ## III.   SUMMARY OF RELEVANT FACTS

9       The following are the relevant allegations in the FAC and judicially noticeable facts set forth

10  in the documents included in the Request for Judicial Notice ("RJN"):

- The real property which is the subject of this dispute is located at 40 Bella Firenze, Lake Elsinore, California  92532 (previously defined as "Subject Property").  *See* FAC, ¶2.
- Plaintiff obtained a loan in the sum of $417,000.00 ("Subject Loan") secured by a Deed of Trust ("DOT") encumbering the Subject Property.  The DOT was recorded on July 10, 2007 with the Riverside County Recorder's Office as instrument number 2007-0447523.  The DOT identifies Washington Mutual Bank as the lender and beneficiary, California Reconveyance Company as the trustee, and Plaintiff as the borrower.  *See* RJN, Exhibit 1.
- In September 2008, JPMorgan acquired certain assets and liabilities of WaMu from the FDIC acting as receiver, including WaMu's interest in the Loan that is the subject of this action, pursuant to the Purchase and Assumption Agreement ("P&A Agreement") between the FDIC and Chase dated September 25, 2008.  *See* RJN, Exhibit 2.
- Plaintiff defaulted on the Loan.  A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded with the Riverside County Recorder's Office on April 30, 2010 as instrument number 2010-0199736.  *See* RJN, Exhibit 3. At the time the NOD was recorded, the amount in arrears was $9,965.20.  *Id.*
- A Substitution of Trustee (substituting Quality Loan Service as trustee) was recorded with the Riverside County Recorder's Office on June 16, 2010 as instrument number 2010-0276045.  *See* RJN, Exhibit 4.
- A Notice of Trustee's Sale was recorded with the Riverside County Recorder's Office on August 2, 2010 as instrument number 2010-0359993.  *See* RJN, Exhibit 5.
- A second Notice of Trustee's Sale was recorded on August 2, 2010 with the Riverside County Recorder's Office as instrument number 2010-0365030.  *See* RJN, Exhibit 6.
- A Corporate Assignment of Deed of Trust was recorded on October 23, 2012 with the Riverside County Recorder's Office as instrument number 2012-0505354.  *See* RJN, Exhibit 7. JPMorgan became the assignee of the DOT, as matter of record, per this Assignment.
- A third Notice of Trustee's Sale was recorded on March 12, 2013 with the Riverside County Recorder's Office as instrument number 2013-0119995.  *See* RJN, Exhibit 8.
- A Trustee's Deed Upon Sale was recorded on April 15, 2013 with the Riverside County Recorder's Office as instrument number 2013-0175876.  *See* RJN, Exhibit 9.
- An Affidavit of the Federal Deposit Insurance Corporation was recorded on October 3, 2008 with the King County Recorder's Office as instrument number 2008100300790.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*CASE NO.:  3:13-cv-2209-DMS-WMc*

1    *See* RJN, Exhibit 10.

2    • A Grant Deed – Trust Transfer was recorded on June 8, 2011 with the Riverside County
       Recorder's Office as instrument number 2011-0252559. *See* RJN, Exhibit 11.
3      According to the Grant Deed, interest in the Subject Property was transferred from Jack
       Tanner to Jack Tanner and Vida Eshaghian as Co-Trustees of the Tanner Family Trust.
4      *Id*.

5    • A Trust Transfer Grant Deed was recorded on March 18, 2013 with the Riverside County
       Recorder's Office as instrument number 2013-0129675. *See* RJN, Exhibit 12.
6      According to the Trust Transfer Grant Deed, interest in the Subject Property was
       transferred from Jack Tanner to Jack Tanner and Manuel L. Jacinto, Jr. as Trustees for
       the "40 Bella Firenze Trust." *Id*.

7    • A Chapter 13 Bankruptcy Petition was filed by Vida Eshaghian (co-trustee of the Tanner
       Family Trust, per RJN, Exhibit 11) on June 2, 2011 in the United States Bankruptcy
8      Court, Central District, Case No.: 2:11-bk-33911-WB. *See* RJN, Exhibit 13.

9  **IV.   PLAINTIFF LACKS STANDING TO BRING FORTH HIS CLAIMS**

10         California *Code of Civil Procedure* ("CCP") § 367 provides as follows: "[e]very action must

11   be prosecuted in the name of the real party in interest, except as otherwise provided by statute."  The

12   purpose of this standing requirement is to assure that any judgment rendered will bar the owner of

13   the claim sued upon from re-litigating the issues and to protect a defendant, against whom a

14   judgment may be obtained, from further harassment or vexation at the hands of some other claimant

15   to the same demand.  *Keru Investments, Inc. v. Cube Co.*, 63 Cal.App.4th 1412 (1998).  The real

16   party in interest is the person who has the right to sue under the substantive law.  It is the person who

17   owns or holds title to the claim or property involved, as opposed to others who may be interested or

18   benefited by the litigation.  *See Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566

19   (1991).

20         Here, for reasons unknown to Defendant, it appears Plaintiff has attempted to conceal the

21   true ownership of the Subject Property from the Court in order to conceal the fact that Plaintiff does

22   not own or hold title to the Subject Property.  *See* RJN, Exhibits 11 and 12.  Indeed, Plaintiff

23   transferred title to the Subject Property to the "Tanner Family Trust" – with Plaintiff and Vida

24   Eshaghian named as co-trustees of the Tanner Family Trust – in June 2011, two years prior to filing

25   this lawsuit.  *See* RJN, Exhibit 11.  Two years later, in March 2013, even though ownership

26   remained with the Tanner Family Trust, Plaintiff, by himself, attempted to transfer ownership of the

27   Subject Property again – to the "40 Bella Firenze Trust," with both Plaintiff and Manuel L. Jacinto,

28   Jr. as trustees.  *See* RJN, Exhibit 12.  The Subject Property was then sold at a foreclosure sale in

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4

1    April 2013.  *See* RJN, Exhibit 9.

2         Currently, Plaintiff does not own or hold title to the Subject Property, and he has not held

3    ownership of the Subject Property individually since 2011.  As such, Plaintiff lacks standing to sue

4    in the instant matter with respect to all causes of action, because Plaintiff has not sustained any

5    damage as a result of the foreclosure of the Subject Property.

6    **V.     PLAINTIFF'S FIRST CLAIM  FOR "WRONGFUL FORECLOSURE AND**

7    **CANCELLATION OF TRUSTEE'S DEED UPON SALE AND ASSIGNMENT OF**

8    **NEED OF TRUST" FAILS**

9         Plaintiff's first cause of action for "Wrongful Foreclosure and Cancellation of Trustee's Deed

10   Upon Sale and Assignment of Deed of Trust" against Defendant is based on the argument that: (1)

11   the Subject Loan was securitized and sold to investors; (2) Defendant  had no right to declare a

12   default and commence foreclosure; (3) Defendant did not or does not have the original note; and (4)

13   Defendant failed to contact Plaintiff as required under Cal. Civil Code § 2923.5.  *See* FAC, ¶¶ 47-48,

14   51, and 56.

15        First, while Plaintiff argues that the Subject Loan was securitized, public documents do not

16   support that claim.  Specifically, Plaintiff obtained the Subject Loan in 2007.  *See* RJN, Exhibit 1.

17   The DOT securing the Subject Loan identified Washington Mutual Bank as the lender and

18   beneficiary.  *Id.*  In September 2008, Defendant Chase acquired certain assets and liabilities of

19   WaMu from the FDIC acting as receiver, including all loans and all loan commitments of WaMu

20   (*see* RJN, Exhibit 10) and including WaMu's interest in the Loan that is the subject of this action

21   and WaMu's interest, pursuant to the Purchase and Assumption Agreement between the FDIC and

22   Chase dated September 25, 2008.  *See* RJN, Exhibit 2 (Specifically, paragraph 3.1 of the Purchase

23   and Assumption Agreement).  The Corporate Assignment of Deed of Trust recorded in 2012

24   reflected these events of 2008.  *See* RJN, Exhibit 7.  These documents do not support Plaintiff's

25   assertion that the loan was securitized.

26        However, even assuming that the Subject Loan was securitized, California law states

27   securitization is legal and does not void the Subject Loan and DOT.  *See Alliance Mortg. Co. v.*

28   *Rothwell*, 10 Cal. 4th 1226, 1233 (1995).  Indeed, in *Lane v. Vitek Real Estate Industries Group*, 713

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

5

1  F.Supp.2d 1092 (E.D. Cal. 2010), the Federal District Court, in upholding the granting of a Motion

2  to Dismiss claim for Declaratory Relief, stated the following:

3              Finally, plaintiffs content that none of the defendants have authority to
              foreclose because their loan was packaged and resold in the secondary
4              market, where it was put into a trust pool and securitized.  The
              argument that parties lose their interest in a loan when it is assigned to
5              a trust pool has also been rejected in many districts.  *Id.* at 1099.

6  *See also, Bascos v. Federal Home Loan Mortgage Corp.,* 2011 WL 31357063, at *6 (C.D. Cal 2011)

7  ("As an initial matter, to the extent Plaintiff contends that defendant do not have authority to

8  foreclose because the loan was packaged and resold in the secondary market, this argument is

9  rejected.").

10          Moreover, federal courts have dismissed complaint in which borrowers attempt to argue

11  around the fact that they do not have standing to make such claims as to the securitization of the

12  loan.  *See Brown v. U.S. Bancorp*, 2012 WL 665900 at *4, (C.D. Cal. 2012); *Junger v. Bank of*

13  *America, N.A.*, 2012 WL 603262, *3 (C.D. Cal. 2012).

14          Second, paragraph 24 of the DOT specifically provided and allowed for the substation of a

15  different trustee under the DOT.  *See* RJN Ex. 2, p. 14.  The Substitution was recorded on June 16,

16  2010, which substituted Quality as the trustee under the DOT, and Quality or Quality's agent

17  conducted the foreclosure sale.  RJN, Ex. 4.  In addition, California *Civil Code* section 2932

18  expressly allows a power of sale to be freely assigned so that a party other than the party entitled to

19  the payment of money secured by the instrument can exercise the power of sale.  *See* Cal. Civ. Code

20  2932; *Aviel v. Ng*, 161 Cal. App. 4th 809, 815 (2008) ("A mortgage may confer a power of sale upon

21  the mortgagee or any other person, to be exercised after breach of the obligation for which the

22  mortgage is given as security.").  Moreover, a trustee, mortgagee or beneficiary or *any of their*

23  *authorized agents* may conduct the foreclosure process.  *See Civ. Code* § 2924(a)(1).

24          It is also well established that under the California non-judicial foreclosure statutes, the

25  original note is not required to foreclose.  *See Linkhart v. U.S. Bank Nat. Ass'n*, 2010 WL 1996895,

26  *3 (S.D. Cal. 2010); *Chilton v. Federal Nat. Mortg. Ass'n,* 2009 WL 519869, at *1 (E.D. Cal. 2009)

27  ("It is well-established that non-judicial foreclosures can be commenced without producing the

28  original promissory note.  Non-judicial foreclosure under a deed of trust is governed by California

AlvaradoSmith
A Professional Corporation
Santa Ana

6

1   Code § 2924, *et seq.*"); *Nool v. HomeQ Servicing,* 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009)

2   ("California Courts have held that the Civil Code Provisions 'cover every aspect' of the foreclosure

3   process. There is no requirement that the party initiating foreclosure be in possession of the original

4   note." (citation omitted)); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1186

5   (N.D. Cal. 2009) ("Under California law, there is no requirement for the production of an original

6   promissory note prior to initiation of a nonjudicial foreclosure procedure [citation omitted].

7   Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a

8   foreclosure invalid.").

9           Finally, Plaintiff's allegations with respect to Cal. *Civ. Code* § 2923.5 lack merit for a

10  number of reasons. First, the NOD clearly states that the beneficiary or its designated agent "declares

11  that it has contacted the borrower, tried with due diligence to contact the borrower as required by

12  California *Civil Code* 2923.5, or the borrower has surrendered the property to the beneficiary or

13  authorized agent, or is otherwise exempt from the requirements of § 2923.5." *See* RJN, Ex. 3.  As

14  such, Section 2923.5 was satisfied.  *See Mabry v. The Superior Court of Orange Cnty,* 185

15  Cal.App.4th 208, 233-35 (2010).  Second, Plaintiff admits to having discussed loan modification

16  options with Defendant in 2009 – before the NOD was recorded in 2010.  *See* FAC, ¶ 97.

17          Specifically, the California Court of Appeal for the Fourth District has held that a declaration

18  for purposes of Section 2923.5 need not be under penalty of perjury and is compliant when it tracks

19  the statutory language of said statute.  *See Mabry, supra,* 185 Cal.App.4[th] at 232-34.  A declaration

20  in a notice of default that tracks the language of the statute is complaint particularly noting that

21  "there is no way we can divine an intention on the part of the Legislature that each notice of

22  foreclosure be custom drafted." *Mabry, supra,* 185 Cal.App.4[th] at 235.  The declaration attached to

23  the NOD is sufficient pursuant to *Mabry* as it not only tracks the language of the statute, but is

24  signed under penalty of perjury.  *See* RJN, Exhibit 3; *Mabry, supra,* 185 Cal.App.4[th] at 235.

25  Therefore, as the declaration is sufficient, and Plaintiff has only provided conclusory allegations,

26  Plaintiff's claim that the NOD is defective is baseless.

27          Moreover, in *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952 (2010), the

28  borrower, prior to the recording of the notice of default, had "contract[ed] Chase beginning in

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

7

1  January 2009, when he sought a modification." *Id.* at 962.  In particular, the District Court held the

2  following under Section 2923.5:

3

4   > Plaintiff claims that he had repeated phone conversations with Chase
   > representatives and was told that a representative had been assigned to
   > work on his modification, but that Chase failed to subsequently contact

5   > him to discuss options. [] However, *the Court finds that section 2923.5
   > does not require Chase to do more*.

6

7  *Id.* [emphasis added.].

8        Here, although Plaintiff alleges Defendant "failed to contact [him] prior to the recording of

9  the Notice of Default (*see* FAC, ¶ 56), Plaintiff contradicts his own allegation.  Indeed, Plaintiff

10  admits to having had loan modification-related discussions with Defendant in 2009 – a year before

11  the NOD was recorded.  *See* FAC, ¶ 97.

12        For all of these reasons, the foreclosure sale was valid, and Plaintiffs' claims fail as a matter

13  of law against Defendant.

14        Moreover, in obtaining rescission or cancellation, "the rule is that the complainant is required

15  to do equity, as a condition to his obtaining relief, ***by restoring to the defendant everything of value***

16  ***which the Plaintiff has received in the transaction.*** (citation omitted).  The rule applies although the

17  plaintiff was induced to enter into the contract by the fraudulent representations of the defendant."

18  *Fleming v. Kagan*, 189 Cal.App.2d at 791, 796-797 (1961) (citations omitted, emphasis added).   A

19  condition precedent to any cause of action arising from an alleged wrongful foreclosure is that the

20  Borrower must tender or offer to tender a sum sufficient to cure the default.  *United States Cold*

21  *Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214 (1985).  Plaintiff

22  nevertheless omits this critical allegation from the Complaint.  *Id.* at 1225.

23        Here, Plaintiff cannot seek equitable relief since Plaintiff has not done equity. *Williams v.*

24  *Koenig*, 219 Cal. 656, 660 (1934). "A cause of action 'implicitly integrated' with the irregular sale

25  fails unless the trustor can allege and establish a valid tender. [Citation Omitted.]" *Arnold*

26  *Management Corporation v. Eischen*, 158 Cal.App.3d 575, 579 (1984).  Plaintiff fails to allege that

27  Plaintiff can fully and unconditionally tender this amount owing under the deed of trust, or the

28  means by which Plaintiff will accomplish any such payment, as required by California law.  *See*

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

8

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  FAC.  Therefore, the motion to dismiss this claim must be granted.

2  **VI.   PLAINTIFF'S SECOND CLAIM FOR "VIOLATION OF CALIFORNIA *CIVIL***

3  ***CODE* §2923.5" FAILS AS IT IS MOOT**

4          In the First Amended Complaint, Plaintiff asserts a claim for "Violation of Cal. *Civil Code*

5  §2923.5" and bases this claim on the allegation that the Declaration attached to the NOD failed to

6  meet the requirements of Cal. *Civil Code* §2923.5.  *See* FAC, ¶61.  However, Plaintiff's claim fails,

7  as it is moot.

8          Specifically, Cal. *Civil Code* §2923.5 only provides a limited right to postpone a foreclosure

9  sale. *Mabry, supra,* 185 Cal.App.4th at 212.

10         Here, the only relief Plaintiff has the right to under Cal. *Civil Code* § 2923.5 is postponement

11  of a foreclosure sale.  However, as the recorded documents show, the foreclosure sale has already

12  occurred.  *See* RJN, Exhibit 9.  As such, this claim is moot, because there is no allowable remedy

13  available for the purported violation of Section 2923.5.

14  **VII.   PLAINTIFF'S THIRD CLAIM FOR "RESTITUTION" FAILS**

15         In the original complaint, Plaintiff made a claim for "Unjust Enrichment," claiming that

16  Defendant unjustly enriched itself "through the unlawful foreclosure of Plaintiff's property."  *See*

17  Complaint, ¶ 50.  In the FAC, while Plaintiff labels his claim as one for "Restitution," in reality,

18  Plaintiff's claim is a failed attempt at making a claim for unjust enrichment.

19         The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust

20  retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723,

21  726 (2000).   An action for unjust enrichment is based on the principal that, "a person who has been

22  unjustly enriched <u>at the expense of another</u> is required to make restitution to the other." *First*

23  *Nationwide Savings v. Perry,* 11 Cal.App.4th 1657, 1662 (1992) (citations omitted)(emphasis

24  added).  However, "the fact that one person benefits another is not, by itself, sufficient to require

25  restitution. The person receiving the benefit is required to make restitution only if the circumstances

26  are such that, as between the two individuals, it is *unjust* for the person to retain it. (Citations

27  omitted). *Id.* at 1663.

28         Here, no cause of action for unjust enrichment can be asserted against Defendant.  Plaintiff's

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

9

1    basis for this claim is that Defendant has been "unjustly enriched by demanding monthly payments

2    from PLAINTIFF and foreclosing on the Subject Property." *See* FAC, ¶ 68.  Plaintiff makes this

3    claim based on his argument that he owes no money to Defendant who allegedly has no beneficial

4    interest in the Subject Loan.  *See* FAC, ¶ 66.

5         However, Plaintiff's conclusory and factually incorrect allegations are insufficient to support

6    his claim.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Plaintiff

7    cannot establish that Defendant was unjustly enriched because it is owed the payments on the Loan,

8    pursuant to the terms of the DOT.  It is undisputed that WaMu was the originating lender.  *See* RJN,

9    Exhibit 1. JPMorgan acquired certain assets and liabilities of WaMu through the P&A Agreement,

10   including the subject Loan.  *See* RJN, Exhibit 2.  Thus, any contention that JPMorgan has no

11   authority to collect payments from Plaintiff under the DOT is without merit.  JPMorgan, as the

12   acquirer of Plaintiff's Loan, was entitled to collect payments from Plaintiff under the Loan.  As such,

13   Plaintiff cannot demonstrate that Defendant has been unjustly enriched, and the claim fails.

14        Moreover, regarding Plaintiff's claims that WaMu "received the balance on PLAINTIFF'S

15   promissory note when it securitized the loan" (and therefore, Defendant is not entitled to receive

16   payments from Plaintiff), once again, securitization of the Subject Loan **does not** divest Defendant

17   from the right to collect payments on the Subject Loan.

18   **VIII.  PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "VIOLATIONS OF REAL**

19   **ESTATE SETTLEMENT PROCEDURES ACT – RESPA (12 U.S. C. §2605)" FAILS**

20        To state a claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), a

21   plaintiff must: (1) allege a breach of RESPA duties; and (2) allege that the breach resulted in actual

22   damages.  *See Hamilton v. Bank of Blue Valley,* 746 F.Supp.2d 1160, 1175 (E.D. Cal. 2010); *see*

23   *also,* 12 U.S.C. § 2605(f)(1)(A)("Whoever fails to comply with this section shall be liable to the

24   borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone*

25   *Bank*, 2000 WL 536666, *12 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege

26   a pecuniary loss attributable to the alleged violation)."

27        In the instant case, Plaintiff has not demonstrated that he submitted a proper Qualified Written

28   Request ("QWR") that would require a response.  A QWR requests information relating to the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

10

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    servicing of a loan. 12 U.S.C. § 2605(e)(1)(A).  "A QWR should include statements identifying the

2    reasons why the borrower believes her account is in error."  *Beall v. Quality Loan Service Corp.*,

3    2011 WL 1044148, *3-4 (S.D. Cal. March 21, 2011).  To be a sufficiently pleaded claim for a

4    violation of RESPA based on failure to respond to a QWR, a plaintiff must plead submission of a

5    QWR that complied with the statutory requirements. *Farmer v. Ocwen Loan Servicing, LLC*, 2010

6    WL 489701 at *7 (E.D. Cal. 2010).

7        Just as a copy of the alleged QWR was missing from the original complaint, a copy of the

8    QWR allegedly sent by Plaintiff to Chase <u>is missing</u> from the FAC.  Moreover, entirely missing from

9    the FAC are facts demonstrating that the QWR allegedly sent by Plaintiff to Defendant met the

10   statutory requirements as set forth above. *See* FAC, ¶ 71.  A date of the alleged QWR is certainly

11   insufficient to establish that (a) the QWR was sent in the first place and (b) that the QWR met the

12   statutory requirements as further described in *Farmer v. Ocwen, supra,* 2010 WL489701 at *7.

13       Although Plaintiff generally alleges that has suffered injuries, harm and irreparable damages

14   as the result of Defendant's alleged non-compliance with RESPA (FAC, ¶ 75), he does so in purely

15   conclusory fashion.  In reality, Plaintiff could not have been damaged in any way by Defendant's

16   alleged non-compliance as there is not even a single allegation regarding any QWR submitted by

17   Plaintiff nor is there a single allegation that Plaintiff has suffered any damages as related to a QWR.

18   Therefore, he cannot state a claim for damages against Defendant for non-compliance with RESPA.

19   **IX.    PLAINTIFF'S FIFTH CLAIM FOR "NEGLIGENCE" FAILS AS A MATTER OF**

20   **LAW**

21       The elements of a cause of action for negligence are (1) a legal duty to use reasonable care,

22   (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's

23   injury. *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998). "The existence of a duty

24   of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."

25   *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095 (1991).  The existence and

26   scope of a legal duty are questions for the court.  *Merrill v. Navegar, Inc.,* 26 Cal.4th 465, 477

27   (2001).  Liability to a borrower for negligence arises only when the lender 'actively participates' in

28   the financed enterprise 'beyond the domain of the usual money lender.'"  *Wagner v. Benson*, 101

11

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   Cal.App.3d 27, 35 (1980) (citations omitted).  "[A]s a general rule, a financial institution owes no

2   duty of care to a borrower when the institution's involvement in the loan transaction does not exceed

3   the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan*

4   *Association*, 231 Cal.App.3d 1089, 1096 (1991).  "[A]bsent special circumstances ... a loan

5   transaction is at arm's length and there is no fiduciary relationship between the borrower and

6   lender."  *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466 (2006).  See also,

7   *Aspiras v. Wells Fargo Bank, N.A.*, ___ Cal.App.4th ___, 2013 WL 5229769, pg. 9 (4th Dist. August

8   21, 2013).

9          In support of the cause of action for negligence, Plaintiff alleges that Defendant "had a duty

10   to exercise reasonable care and skill to follow state and federal law with respect to enforcement of

11   monetary obligations…"  *See* FAC, ¶ 77.  Plaintiff further alleges that Defendant breached this

12   "duty" and was therefore negligent by "proceeding with the foreclosure of the Subject Property

13   when they [*sic*] had no standing to do so" and due to "failure to respond to PLAINTIFF'S QWR…"

14   *See* FAC, ¶ 78.

15          However, Plaintiff's assertions are without merit.  First, a financial institution owes no duty

16   of care to a borrower when the institution's involvement in the loan transaction does not exceed the

17   scope of its conventional role as a mere lender of money.  *See Nymark, supra,* 231 Cal.App.3d at

18   1096; *see also, Oaks Management Corp., supra,* 145 Cal.App.4th at 466.  Second, Plaintiff's

19   argument regarding Defendant's standing to foreclose (including Plaintiff's meritless argument

20   regarding securitization of the Subject Loan) holds no ground, as described above.  Third, Plaintiffs'

21   allegations regarding the alleged QWR sent to Defendant is without basis either.  As discussed in

22   detail above, Plaintiff fails to provide a single fact in support of his allegation that he supposedly

23   sent a QWR to Defendant – despite being given the opportunity to amend his claim to include the

24   significant details needed to show that he actually forwarded a QWR to Defendant, who allegedly

25   failed to respond to it.  *See* FAC, ¶ 71.

26          Based on the foregoing, Plaintiff's claim for negligence fails and thus, the Motion to Dismiss

27   should be granted.

28   ///

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## X.     PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR "UNLAWFUL & UNFAIR ACTS AND PRACTICES" (SIXTH CAUSE OF ACTION)

Plaintiff's cause of action is based on alleged violations of California *Business and Professions Code* §17200, et seq. ("Section 17200" or "UCL").  However, Plaintiff cannot demonstrate that he has standing to assert this claim and also has not sufficiently alleged facts to support this cause of action.

### A.     Plaintiff Lacks Standing to Assert a Claim Under 17200

*Business and Professions* Code §17204 limits standing in a Section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of ... unfair competition." *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228 (2006).  Plaintiff lacks standing to allege a violation of Section 17200 because Plaintiff fails to plead that he lost money or property as a result of any alleged violation under Section 17200.  *See* FAC, ¶ 85.

### B.     Plaintiff's Unfair Business Practices Claim Fails

Even assuming Plaintiff adequately alleged an injury in fact, Plaintiff fails to allege that Defendants engaged in either "unfair", "unlawful" or "fraudulent" business practices in violation of Section 17200.  Rather, Plaintiff conclusively alleges that  Defendant  has collective a debt that it "had no right to collect" and "misrepresented to the PLAINTIFF that it was the real party in interested by having acquired all necessary rights under PLAINTIFF'S promissory note…" *See* FAC, ¶ 85.

A defendant's liability must be based on his personal "participation in the unlawful practices" and "unbridled control" over the practices that are found to violate Section 17200.  *See Emry v. Visa International Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002).  Further, in alleging a claim for unlawful business practice under section 17200, the plaintiff must allege facts to demonstrate that the practice violates the underlying law.  *See People v. McKale,* 25 Cal. 3d 626, 634 (1979); *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993) (A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation).  Additionally, the term "fraudulent," as used in

13

1   the statute, requires a showing that members of the public are likely to be deceived." *Daugherty v.*

2   *American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006).

3          Here, Plaintiff has not alleged any facts which would demonstrate that Defendant engaged in

4   any conduct which would constitute an unfair business practice. *See* FAC, ¶¶ 81-89. Specifically,

5   Plaintiff's allegations regarding securitization of the Subject Loan are without any merit (as

6   described above). Accordingly, any claims made by Plaintiff based on the argument that

7   securitization of the Subject Loan divested Defendant of any rights to it are also without any merit.

8   Further, Plaintiff does not set forth any facts demonstrating that Defendant violated any underlying

9   law often referred to as the "borrowed claim." *Khoury, supra,* 14 Cal. App. 4th at 626. Thus, the

10  allegations do not meet the specificity requirements under Section 17200, and for this reason alone

11  the claim is subject to dismissal. Finally, Plaintiff fails to allege that the public had any expectation

12  or made any assumptions regarding the conduct of Defendant, which is a necessary showing under

13  the "fraudulent" prong of the Act. *Daugherty, supra,* 144 Cal.App. 4th at 838. Accordingly,

14  Plaintiff's claim fails and is subject to dismissal.

## XI.   PLAINTIFF'S SEVENTH CAUSE OF ACTION OF "IMPLIED COVENANT OF
##       GOOD FAITH AND FAIR DEALING" FAILS

17         To establish a breach of an implied covenant of good faith and fair dealing, Plaintiff must

18  plead: (1) that the parties entered into a contract; (2) that plaintiff did all, or substantially all of the

19  significant things that the contract required him/her to do or that he/she was excused from having to

20  do those things; (3) that all conditions required for defendant's performance had occurred; (4) that

21  defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (5) that

22  plaintiff was harmed by defendant's conduct. *See Guz v. Bechtel National, Inc.*, 24 Cal.4th 317,

23  349–350 (2000); *see also* CACI Jury Instruction No. 325 (2008 ed.) (emphasis added).

24         The implied covenant of good faith and fair dealing is limited to assuring compliance with

25  the express terms of the contract, liability cannot be extended to create obligations not contemplated

26  by the contract. *See, Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th

27  1026, 1034 (1992). Moreover, if the allegations do not go beyond the statement of a mere contract

28  breach and, relying on the same alleged acts, simply seek the same damages or other relief already

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

14

1   claimed in a companion contract cause of action, the cause of action for breach of implied covenant

2   of good faith and fair dealing may be disregarded as superfluous as no additional claim is actually

3   stated. *Careau & Co. v. Security Pacific Business Credit*, 222 Cal.App.3d 1371, 1395 (1990).

4          In support of this claim, Plaintiff alleges that "commencement of the foreclosure proceedings

5   upon the Subject Property lawfully belonging to PLAINTIFF, without the production of documents

6   demonstrating the lawful rights for the foreclosure, constitutes a breach of the covenant of good faith

7   and fair dealing."  *See* FAC, ¶ 91.

8          However, this is insufficient to state a claim upon which relief can be granted because the

9   entire basis for Plaintiff's claim – that securitization of the Subject Loan divested Defendant's rights

10  to the Subject Loan – is without any valid basis (as described further above).   Thus, Plaintiff cannot

11  state a claim for violation of the implied covenant of good faith and fair dealing on the notion that

12  Defendant has been unable to "prove" its interest in the Subject Loan.  *See Bascos v. Federal Home*

13  *Loan Mortgage Corp., supra,* 2011 WL 31357063, at *6 (C.D. Cal 2011).

14         In addition, Plaintiff cannot establish that he did all or substantially all of the things required

15  of him under the deed of trust, as Plaintiff defaulted on the terms of the note.

16         Therefore, based on the foregoing, the claim for breach of the implied covenant of good faith

17  and fair dealing fails.  Accordingly, the claim should be dismissed

18  **XII.    PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "PROMISSORY ESTOPPEL"**

19         **FAILS**

20         Plaintiff, under the claim for "promissory estoppel," fails to plead the clear and unambiguous

21  terms of any promise, Plaintiff's reasonable reliance, and injury to Plaintiff. Instead, Plaintiff

22  provides insufficient, conclusory, boilerplate language, such as alleging that Plaintiff was somehow,

23  at some time, by some means "promised [and] assured" that Defendant could and would modify

24  Plaintiff's loan.  *See* FAC, ¶ 97.

25         The elements for promissory estoppel are: (1) a promise clear and unambiguous in its terms;

26  (2) reliance by the party to whom the promise is made; (3) reasonable and foreseeable reliance; and

27  (4) the party asserting the estoppel must be injured by his reliance.  *Thomson v. International*

28  *Alliance of Stage Employees*, 232 Cal. App. 2d 446, 454 (1965). The party claiming it must plead all

AlvaradoSmith
A Professional Corporation
Santa Ana

15

1   facts establishing the doctrine's elements. *Smith v. City and County of San Francisco* (1990) 225

2   Cal.App.3d 38, 48. The doctrine of promissory estoppel is inapplicable where no clear promise is

3   made. *See, Southern Calif. Acoustics Co. v. Holder*, 71 Cal. 2d 719, 723 (1969).

4       Here, Plaintiff fails to state a claim for promissory estoppel, as there is no "clear and

5   unambiguous" promise alleged clearly on its terms.  Simply stating that Defendant somehow, at

6   some time (unknown) through some means (unknown), allegedly made some (ambiguous)

7   representation about a loan modification is certainly not enough to meet the required elements to

8   successfully assert a claim for Promissory Estoppel.  *See Thomson, supra*, 232 Cal. App. 2d at 454.

9   Moreover, the ambiguity in Plaintiff's allegations is certainly not enough to establish justifiable

10  reliance.  *Id.*  Therefore, this claim should be dismissed.

11  **XIII.   PLAINTIFF'S NINTH CLAIM FOR "FRAUD AND DECEIT – PROMISE MADE**

12  **WITHOUT INTENTION TO PERFORM" FAILS**

13       Plaintiff's ninth claim for "Fraud and Deceit – Promise Made Without Intention to Perform"

14  fails for lack of particularity. Plaintiff alleges that an individual named "Barbara" "promised, assured

15  and represented to Plaintiff that Chase would and could modify his loan on the Subject Property, but

16  only if he was in default..."  *See* FAC, ¶ 101.

17       It is well settled that the elements for fraud are:  1) a false representation of a material fact, 2)

18  knowledge of the falsity (*scienter*), 3) intent to induce another into relying on the representation, 4)

19  reliance on the representation, and 5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674

20  (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

21       A plaintiff must plead a fraud claim specifically and not generally. Specific pleading requires

22  facts that clearly allege every element of the fraud. *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73

23  (1990).  Additionally, <u>FRCP Rule 9</u> has a specificity or particularity requirement.  Rule 9(b) states

24  that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

25  stated with particularity."  Thus, Rule 9(b) serves to furnish defendant with notice, but also imposes

26  the additional obligation on plaintiff to "aver with particularity the circumstances constituting the

27  fraud."  *In Re GlenFed Inc. Securities Litigation*, ("*GlenFed*") 42 F.3d 1541, 1547 (1994).  The

28  *GlenFed* court interpreted Rule 9(b) to require allegations not only the time, place and content of the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

16

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1    alleged misrepresentation, but also the circumstances indicating false statements:

2         "[t]o allege fraud with particularity a plaintiff must set forth more than the
          mutual facts necessary to identify the transaction.  The plaintiff must set
3         forth what is false or misleading about a statement, and why it is false.  In
          other words, the plaintiff must set forth an explanation as to why the
4         statements or omissions complained are misleading."

5    *Id.* at 1547-48; see also *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Hill Trans. Co. v.*

6    *Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968). These requirements apply to all

7    claims averring fraud.  *Vess v. Ciba-Geigy Corp. USA,* 317 f.3D 1097, 1103-04 (9th Cir. 2003).

8    Conclusory allegations without a factual description of the underlying conduct will not satisfy the

9    requirements for pleading fraud with particularity and may warrant dismissal.  *In re Barr*, 188 B.R.

10   565, 570 (Bkrtcy.N.D.Ill.,1995).

11        In addition, to assert a fraud action against a corporation, a plaintiff must also allege that

12   names of the person or persons who allegedly made the fraudulent representation, their authority to

13   speak, to whom they spoke, what they said or wrote, and when it was said or written.  *Tarmann v.*

14   *State Farm Mutual Auto Insurance Co.,* 2 Cal.App.4th 153, 157 (1991).

15        Here, Plaintiff's assertions concerning the allegedly fraudulent activity are devoid of

16   sufficient facts to give notice of wrongful conduct attributable to Defendant.  *See* FAC, ¶¶ 101-106.

17   Despite being given a chance to amend his prior pleadings to include the required specificity to

18   sufficiently allege fraud, Plaintiff still fails to adhere to the specificity requirements.  In an attempt to

19   meet the specificity requirements to establish a fraud claim, it appears Plaintiff references a

20   "Barbara" from Chase, alleging that in 2009 (actual dates unknown), he had a conversation with

21   Barbara about his loan.  *See* FAC, ¶ 101.  However, besides a name and a year, there is nothing else

22   much as far as the required factual information as to the "how, when, where, and by what means"

23   Defendant is alleged to have committed fraud with respect to Plaintiff.  *See Tarmann , supra,* 2

24   Cal.App.4[th] at 157 (holding that a plaintiff must allege names of the person or persons who allegedly

25   made the fraudulent representation, their authority to speak, to whom they spoke, what they said or

26   wrote, and when it was said or written).  Plaintiff names a name, but fails to allege that this

27   individual had any authority to speak on behalf of Chase.  *Id.*  There is no reference to her title.

28   FAC, ¶ 101.  There even is no reference to any actual dates Plaintiff spoke with this individual….just

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

17

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1   a reference to one year:  2009.

2          Furthermore, the type of misrepresentation Plaintiff alleges occurred (that he was allegedly

3   promised a modification only if he was in default) is insufficient to support a claim for fraud,

4   because representations regarding future events are non-actionable opinions, not representations of

5   existing facts.  *See Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal.App.4th 303, 309 -

6   310 (2000).

7          Additionally, Plaintiff's own actions diminish his allegation of detrimental and reasonable

8   reliance in support of his claim of fraud.  *See Ach v. Finkelstein, supra,* 264 Cal.App.2d at 674.

9   Specifically, Plaintiff alleges that he detrimentally and reasonably relied on Chase's alleged

10  representations that Plaintiff's loan would be modified.  *See* FAC, ¶¶ 101-102.  However, Vida

11  Eshaghian, the co-trustee of the Tanner Family Trust (who was deeded ownership of the Subject

12  Property in June 2011) filed a Bankruptcy Petition in the US District Court, Central District, Case

13  No. 2:11-bk-33911-WB, in June 2011, listing the Subject Loan in the petition.  *See* RJN, Exhibit 13.

14  Therefore, it is difficult to ascertain that Plaintiff reasonably and detrimentally relied on alleged

15  promises that the Subject Loan was going to be modified, all the while he pursued bankruptcy

16  involving the Subject Property.  *See* RJN, Exhibit 13.

17         Due to the foregoing, Plaintiff has failed to state a viable fraud claim warranting survival

18  beyond this motion to dismiss. As such, Plaintiff's fraud-based claim fails and is subject to

19  dismissal, with prejudice.

20  **XIV.    PLAINTIFF'S TENTH CAUSE OF ACTION FOR "DECLARATORY RELIEF" IS**

21  **        WITHOUT MERIT**

22         The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:  In a

23  case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of

24  an appropriate pleading, may declare the rights and other legal relations of any interested party

25  seeking such declaration, whether or not further relief is or could be sought.  Any such declaration

26  shall have the force and effect of a final judgment or decree and shall be reviewable as such.  The

27  DJA's operation "is procedural only."  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S.

28  227, 240, 57 S.Ct. 461, 463 (1937).  A DJA action requires a district court to "inquire whether there

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

18

**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   is a case of actual controversy within its jurisdiction." *American States Ins. Co v. Kearns,* 15 F.3d

2   142, 143-144 (9th Cir. 1994).  As to a controversy to invoke declaratory relief, the question is

3   whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient

4   immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v.*

5   *Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).

6         In support of the claim for declaratory relief, Plaintiff alleges that he is need of a declaration

7   as to whether Defendant "had a right to engage in the conduct specified above, whether Defendant

8   had the right to foreclose or cause a foreclosure on the Subject Property…" *See* FAC, ¶ 108.

9   However, Plaintiff's allegations fail for all of the reasons discussed throughout this Motion –

10  specifically the portions discussing the failure of Plaintiff's securitization argument.

11        Moreover, declaratory relief is not an independent cause of action, but rather, a form of

12  equitable relief.  *Batt v. San Francisco*, 155 Cal.App.4th 65, 82 (2007).  As an equitable remedy,

13  declaratory relief is "dependent upon a substantive basis for liability" and has "no separate viability"

14  if all other causes of action are barred. *Glue–Fold, Inc. v. Slautterback Corp.,* 82 Cal.App.4th 1018,

15  1023, n. 3, 98 Cal.Rptr.2d 661 (2000).  For the reasons explained herein, each of Plaintiff's

16  underlying claims fail and do not support a request for declaratory relief.  In the absence of a viable

17  claim, Plaintiff's declaratory relief claim is subject to dismissal.  Therefore, the Motion to Dismiss

18  should be granted.

19  **XV.    PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF (ELEVENTH CLAIM)**

20        Plaintiff's "claim" for injunctive relief fails for two reasons.  First, injunctive relief is not a

21  cause of action, but a remedy.  *See, Camp v. Board of Supervisors* 123 Cal.App.3d 334, 356 (1981)

22  ["Injunctive relief is a remedy and not, in itself, a cause of action and a cause of action must exist

23  before injunctive relief may be granted"); *see also, County of Del Norte v. City of Crescent City* 71

24  Cal.App.4th 965, 973 (1999) ["A permanent injunction is an equitable remedy, not a cause of action,

25  and thus it is attendant to an underlying cause of action."].

26        Second, an injunction can be issued only if a plaintiff demonstrates: 1) likelihood of success

27  on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is

28  denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and

19

1  4) the injunction will not disserve the public interest.  *Production Co. v. Village of Gambell*, 480

2  U.S. 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift*

3  *Transportation Co, Inc*., 367 F.3d 1108, 1111 (9th Cir. 2004).  Here, Plaintiff cannot show a

4  likelihood of prevailing on the merits since the underlying claims upon which the injunction is based

5  are wholly defective as discussed herein.  Therefore, Plaintiff cannot satisfy the requirements for an

6  injunction, and the Motion to Dismiss should be granted.

7  **XVI.**   **CONCLUSION**

8          For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to

9  Dismiss the First Amended Complaint without leave to amend.

10  DATED:  February 7, 2014                    ALVARADOSMITH
                                                A Professional Corporation

11

12

13                                              By:  /s/ S. Christopher Yoo
                                                   S. CHRISTOPHER YOO
14                                                 TALINE M. GULESSERIAN
                                                   Attorneys for  Defendant
15                                                 JPMORGAN CHASE BANK, N.A., FOR
                                                   ITSELF AND AS ACQUIRER OF CERTAIN
                                                   ASSETS AND LIABILITIES OF
16                                                 WASHINGTON MUTUAL BANK FROM THE
                                                   FEDERAL DEPOSIT INSURANCE
17                                                 CORPORATION AS RECEIVER FOR
                                                   WASHINGTON MUTUAL BANK, *erroneously*
18                                                 *sued as separate entities as* CHASE BANK INC.
                                                   and WAMU

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

20